LILES, Acting Chief Judge.
Tommy J. Vickers was arrested in Miami, Dade County, Florida, on April 12, 1972, and upon capias being executed by a Lake County Deputy Sheriff, Vickers was incarcerated in the Lake County jail until April 20, 1972, at which time he was transferred to the Mental Health Unit of Waterman Memorial Hospital. There Vickers died on April 23, 1972.
A Coroner’s Jury made inquiry into the manner of Vickers’ death and returned the following verdict:
“The deceased died from acute peritonitis as a result of a blow to the lower abdomen incurred by mischance or accident, the said blow inflicted by persons (sic) or persons unknown.”
Subsequent thereto Circuit Judge W. Troy Hall, Jr. empaneled a Grand Jury to investigate Vickers’ death.
On May 19, 1972, a motion was filed in behalf of respondent Reubin O’D. Askew, Governor of the State of Florida, requesting the transfer of the Grand Jury investigation to a location outside of Lake County. Pursuant to said motion, Judge Hall issued his order transferring the Grand Jury investigation to Orange County, Florida. Said Grand Jury is to convene in Orange County on June 5, 1972.
Petitioner Willis V. McCall, Sheriff of Lake County, Florida, filed in this court a petition for writ of certiorari, and questions the order of the trial judge transferring the investigation. Fla.Stat. 905.21, F.S.A., reads in pertinent part:
“When an offense has been committed in a county and the circuit court has determined that conditions in that county make it impractical to convene a grand jury, any grand jury within the circuit or in any circuit to which the judge of the circuit court refers the matter may inquire into the offense. . . . ” (Emphasis added.)
It therefore becomes apparent that the clear meaning of the statute as amended effective January 1, 1971, provides that the circuit judge may do exactly what Judge Hall has done. It does not, in our opinion, require a finding of fact or an adversary hearing. *889 It requires only that the circuit judge determine that conditions make it impractical. What those conditions are and why it may be impractical could, from a clear reading of the statute, be determined by the circuit judge’s own knowledge which would require no motion or hearing. Higginbotham v. State, 1924, 88 Fla. 26, 101 So. 233. It appears that the trial judge could on his own motion make such transfers if he felt conditions made it impractical to convene a Grand Jury in the circuit in which the event happened that was being investigated.
 No purpose would be served by this court to elaborate on a Grand Jury proceeding. It is what it says it is, an investigation of an incident, and it may be held in any circuit where the circuit judge transfers it. Suffice it to say, the allegations contained in the petition for writ of certio-rari anticipate events that may never happen ; and no showing is made in any event that those events, if they do materialize, will result in irreparable injury to petitioner.
The petition for certiorari is without merit and is therefore denied.
MANN and McNULTY, JJ., concur.